FILED by _____ D.C.

DEC - 4 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

NELSON DE LA FE,
And others others similarly situated,

                Plaintiffs,

vs.

MASTEC, INC.,

                Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

# 09-23623

Civil Action No. _____

CIV-MORENO

/TORRES

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant MasTec, Inc., (hereinafter "Defendant") hereby removes civil action case number 09-83292CA09 from the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida on the following grounds:

1.    On or about November 16, 2009, Plaintiff commenced a civil action against Defendant in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida. The Clerk of the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida issued a summons in connection with the state action on or about November 16, 2009.

2.    On or about November 17, 2009, Plaintiff perfected service of the Complaint upon Defendant. True and correct copies of Plaintiff's Summons and Complaint are attached hereto as Exhibit "A". This Notice is filed in this Court within thirty (30) days of perfection of service of the Summons and Complaint upon which the state action is based.

3.      No proceedings have been had in the state action:  no defendant has answered or served any responsive pleadings to the complaint, or made any appearance or argument in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida.

4.      Plaintiff's complaint asserts a claim under The Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("the FLSA").  *See* Plaintiff's Complaint ¶¶ 1, 4, 8-10.  Therefore, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331.  This Court also has supplemental jurisdiction over any state law claims alleged in Plaintiff's complaint pursuant to 28 U.S.C. § 1367(a).

5.      Defendant is concurrently giving notice of this filing to the clerk of the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida.  *See* Exhibit "B".

WHEREFORE, Defendant files this Notice of Removal from the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division.

Respectfully submitted this 4th day of December, 2009.


**[SIGNATURE ON FOLLOWING PAGE]**

2

By: _____

Lori A. Brown, Esq.
Florida Bar No. 0846767
Email:  lbrown@littler.com

LITTLER MENDELSON, P.C.
One Biscayne Tower, Suite 1500
Two South Biscayne Blvd.
Miami, Florida 33131
Telephone:  305.400.7500
Facsimile:  305.603.2552

*Attorney for MasTec, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify I have served the foregoing **NOTICE OF REMOVAL** upon counsel for

Plaintiff by causing a copy to be deposited in the United States mail, first class postage prepaid,

to:

> Eddy O. Marban, Esq.
> Ocean Bank Building, Suite 350
> 782 N.W. LeJeune Road
> Miami, Florida 33126

This 4th day of December, 2009.

_____
Lori A. Brown

## SERVICE LIST

### CASE NO. _____

**COUNSEL FOR PLAINTIFF**:

THE LAW OFFICES OF EDDY O. MARBAN
Eddy O. Marban, Esq.
E-mail: marban@bellsouth.net
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126
Tel.: (305) 448-9292
Fax: (305) 448-2788
*[Via First Class U.S. Mail]*

**COUNSEL FOR DEFENDANT:**

LITTLER MENDELSON, P.C.
Lori A. Brown, Esq.
E-mail: *labrown@littler.com*
One Biscayne Tower, Suite 1500
Two South Biscayne Blvd.
Miami, Florida 33131
Tel.: (305) 400-7500
Fax: (305) 603-2552

Firmwide:93114666.1 046446.1110

4

# EXHIBIT A

GISSEN & LAWYER
REF#: _____ 159076

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

NELSON DE LA FE, and others
similarly-situated,

        Plaintiffs,

vs.

MASTEC, INC., a Florida corporation,

        Defendant.

_____/

CASE NO. 09 - 83292 CA09

11/17/9   @   _____ AM/PM.
ERIC LARSON
CERTIFIED PROCESS SERVER PS #063
2ND JUDICIAL CIRCUIT

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

        YOU ARE HEREBY COMMANDED to serve this Summons and copies of the Complaint,

Interrogatories, and Request for Production, in this action on the Registered Agent for Defendant:

        **MASTEC, INC.**
        **c/o Corporation Service Company, Registered Agent**
        **1201 Hays Street**
        **Tallahassee, Florida 32301-2525**

        Defendant is required to serve written defenses to the Complaint or petition on Plaintiff's

attorney, to wit:

        Eddy O. Marban, Esq.
        Ocean Bank Building, Suite 350
        782 N.W. LeJeune Road
        Miami, Florida 33126
        Tel. (305) 448-9292
        Fax: (305) 448-2788

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of

service, and to file the original of the defenses with the Clerk of this Court either before service on

Plaintiff's attorney or immediately thereafter.  If the Defendant fails to do so, a default will be

entered against that defendant for the relief demanded in the Complaint or petition.

DATED this _____ day of _____ NOV 1 8 2009, 2009.

HARVEY RUVIN,
as Clerk of said Court

**Alohonzo Norton**

By: _____
        Deputy Clerk

2

*159076*

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

NELSON DE LA FE, and others
similarly-situated,

CASE NO.  **09 - 8 3 2 9 2 CA09**

      Plaintiffs,

vs.

MASTEC, INC., a Florida corporation,

THE ORIGINAL FILED

ON   NOV 1 6 2009

IN THE OFFICE OF
CIRCUIT COURT DADE CO.
CIVIL DIVISION

      Defendant.

_____/

## FLSA COMPLAINT

COMES NOW, Plaintiff, NELSON DE LA FE, by and through his undersigned attorney, and

hereby sues Defendant, MASTEC, INC. ("the Employer,"), and alleges:

### JURISDICTIONAL ALLEGATIONS

1.    This is an action to recover money damages in excess of $15,000.00 for unpaid

overtime wages, under the laws of the United States, and the State of Florida.  This Court has

jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional

placement) ("the FLSA"), and F.S.A. Const. Art. 10 § 24, under 28 U.S.C. § 1343.

2.    Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this

Honorable Court.

3.    The Defendant, MASTEC, INC., is a Florida corporation having its main place of

business in Miami-Dade County, Florida. All of the acts giving rise to this cause of action took place

in Miami-Dade County, Florida, where Plaintiff was employed.

4.      This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

5.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

6.      By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff and those similarly-situated are within interstate commerce.

2

## COUNT I
## UNPAID OVERTIME

7.      Plaintiff realleges and reavers paragraphs 1 through 6 as fully set forth herein.

8.      The Defendant is a specialty contractor for communication companies, utilities, and governments throughout the United States.   Plaintiff was employed with Defendant as an installer/technician rendering services for Direct TV.  He was employed from approximately 2002 until September 24, 2009.  Plaintiff earned $27.00 per service call, and earned an estimated $750.00 per week.[1]  He regularly worked in excess of forty (40) hours per week; however, he was not properly paid for all of his overtime wages as required by the FLSA.[2]  The failure to pay Plaintiff for those overtime hours resulted in an overtime violation.

### Plaintiff's Damages

Plaintiff estimates his damages as follows: 24 overtime hours x $5.86 (estimated average half-time) = $140.64 x 156 weeks = $21,939.84 x 2 (liquidated) = $43,879.68.[3]

The similarly-situated current and former employees are all those other employees who worked for Defendant, and performed the same or similar duties as that of Plaintiff.

9.      At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the FLSA but no

---

[1]Plaintiff will not be able to accurately calculate his hours week by week until such time as when he reviews Defendant's payroll records.

[2]Plaintiff's paycheck stubs purport to pay overtime wages; however, Plaintiff worked hours for which he was not paid for at all.

[3]Plaintiff's damages are calculated as a matter of inference.  see *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192-93 (1946).  Plaintiff reserves the right to modify his calculations after discovery is taken and payroll information is received from the Defendant.

3

provision was made by the Employer to properly pay her at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the payroll practices and procedures described in paragraph 8, and were not paid time and one-half of their regular rate of pay for all overtime hours worked.

10.   Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

11.   Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff and those similarly-situated request compensatory and liquidated damages and reasonable attorney's fees from the Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's and those similarly-situated employees entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. Plaintiff is also entitled to injunctive relief restraining Defendant from committing any future FLSA violations. In the event that Plaintiff and those similarly-situated do not recover liquidated damages, then Plaintiff and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

4

THE LAW OFFICES OF
EDDY O. MARBAN
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126
Telephone (305) 448-9292
Facsimile (305) 448-2788
E-mail: marban@bellsouth.net

By: _____
     EDDY O. MARBAN, ESQ.
     Fl. Bar No. 435960

5

# EXHIBIT B

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

NELSON DE LA FE,
And others similarly situated

GENERAL JURISDICTION DIVISION

CASE NO. 09-83292CA09

           Plaintiffs,

vs.

MASTEC, INC.,

           Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE, that on December 7, 2009, Defendant MasTec, Inc.,
by and through its undersigned counsel, and in accordance with 28 U.S.C. § 1446 filed a
Notice of Removal of the above-captioned action with the United States District Court
for the Southern District of Florida, Miami Division, removing this action from the
Circuit Court Of The Eleventh Judicial Circuit, In And For Miami-Dade County, Florida
to the United States District Court for the Southern District of Florida, Miami Division.
*See* Exhibit "A".

Respectfully submitted this 4th day of December, 2009.

By: _____

Lori A. Brown, Esq.
Florida Bar No. 0846767
Email: lbrown@littler.com

LITTLER MENDELSON, P.C.
One Biscayne Tower, Suite 1500
Two South Biscayne Blvd.
Miami, Florida 33131
Telephone: 305.400.7500
Facsimile: 305.603.2552

*Attorney for MasTec, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify I have served the foregoing ***DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL*** upon counsel for Plaintiff by causing a copy to be deposited in the United States mail, first class postage prepaid, to:

Eddy O. Marban, Esq.
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126

This 4th day of December, 2009.

_____
Lori A. Brown

Firmwide:93115678.1 046446.1110

2

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

09-23623

FILED by ___ D.C.

DEC - 4 2009

STEVEN M. LARIMORE
CLERK U. S. DIST CT
S. D. of FLA.- MIAMI

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NELSON DE LA FE, and others similarly-situated, | MASTEC, INC., |

(b) County of Residence of First Listed Plaintiff **Miami-Dade County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Miami-Dade County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Eddy O. Marban, Esq.        Tel.: (305) 448-9292
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126

Attorneys (If Known)

Lori A. Brown, Esq., Littler Mendelson, P.C.  Tel.: (305) 400-7500
One Biscayne Tower #1500, Two South Biscayne Blvd., Miami, FL

(d) Check County Where Action Arose: ☑ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

CIV-MORENO

CIV-TORRES

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO        b) Related Cases ☐ YES ☐ NO

JUDGE _____        DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

29 U.S.C. § 201, et seq. Alleged violations of the Fair Labor Standards Act.

LENGTH OF TRIAL via **2** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 10 13004

12/04/09